we're here for oral argument in our first case of the day united states of america v miguel eduardo rosario case number 23 12 42 council for appellant would you please introduce yourself and let us know how much time you request for rebuttal good morning jason olman on behalf of miguel rosario and could i reserve three minutes for rebuttal your honor yes that would be fine thank you yep let me proceed thank you your honor um the court directed uh us to focus on the suppression issue and the sentencing issue i'd like to address three three points on the suppression issue and then turn to the sentencing issue the first is um let's pick up where the district court left off um anyone who looks at this case from the outside will wonder a warrant was was signed off by a judge why is suppression an issue here well i think this is the appropriate case where the good faith exception to the warrant requirement does not apply these facts are extraordinary trooper bailey his track record at the time he was investigating this offense was that he was engaging in inappropriate intimate relationships with on other cases that he was investigating that does not bode well for the constitutional rights of defendants in those cases and then when we turn to his conduct in this particular case there are other examples why good faith should not apply he missed evidence at the scene when he investigated mr carrillo's death on march 24th when the family brought that evidence to him two weeks later he destroyed part of it the cigarette pack from which evidentiary value could have been learned by the the defense team what what what does missing evidence have to do with it don't we look at the warrant itself and see whether uh you could rely upon what is in uh you know upon the judge's approving it and the judge took into account his his very extensive affidavit uh why does missing evidence come into it your honor i think that you're right that you engage in um you're limited to the four corners of the warrant when um deciding whether there's probable cause for this warrant when deciding whether there's particularization or lack of particularization but i think that you can look at the full trial record when analyzing good faith whether um good faith reliance and i would note that the district court did not even hang his hat on good faith here so the district court did not rule that there was good faith uh that would excuse um the the exclusionary rule in this case but when we get to the warrant itself there are also reasons to think good faith should not apply and that's because i mean looking at page two of the search warrant affidavit trooper bailey explains why evidentiary value can be obtained from cell phones but then he requests a warrant for facebook instead and also when we look at page one of the warrant this is just as broad and general as the warrant in myers for example um which this court affirmed um there's no indication there's nothing on page one the warrant itself that would limit the discretion of the officer executing this warrant i think that it's pretty remarkable that after our opening brief came out let me let me ask you uh maybe a very simple question why why do you why why why excuse me why do you need a warrant for facebook oh i i believe that there's a um there's a uh personal interest in that information and that's why a warrant for facebook would be necessary i mean i mean what about what about the third party doctrine what about you know miller and smith i mean miller you get you get people's bank records um that's probably you know on a scale of sensitivity at least as sensitive as as many facebook items or at least you know on par with that and no no warrants required in that context i would like to two responses to that your honor the first is that what you're both addressing here is a standing issue i i think and the government never never raised this in the district court now remember we live in the world of joseph and dowdell this is a rule 12 scenario and the government did not raise these issues in the district court therefore they are waived um i think the government agrees that he has standing to challenge these the search i i guess i guess the the tag along though is since since we're not necessarily in the direct angle but we're in the good faith exception angle if no warrant was required at all in the first place doesn't that color a good faith analysis i i don't i don't think that that's actually true your honor the the government is still getting warrants for example for tic tac uh tick tock information someone's user information on tick tock i mean i'm looking at a warrant right now where the government had to go get a warrant for a user a subscriber's tick tock information i mean under that theory your honor the government wouldn't need a warrant to even get call detail logs from a cell phone provider i don't think that that's correct i think that a warrant is required to get private information of an individual from facebook or from a third party including cell phone providers which the government routinely has so you may think that but there's no there's no supreme court or third circuit case on point is there your honor because the government did raise this issue in the district court um i i believe it is waived and i did not do the research on that i i apologize your honor no i mean i i i hear what you're saying on wave i mean you don't have to do research on waived issues i guess my thought is though it feels strange in a constant when when we do a good faith analysis and i agree with you that we should look at more that we need to have a a bigger aperture on good faith if the aperture gets so big then it seems that maybe if a warrant wasn't even required that council's in favor of the good faith exception or if it's a question i would like to point out that the government um raised good faith in its brief in this court and that was not part of the good faith argument in this court either i think the government and i are on the same page that a warrant was required your honor and i think that it's remarkable that i mean santiago that 10th circuit case that came out after we filed our opening brief we we address it in the reply brief that is a remarkably similar scenario the state court judge santiago's 10th circuit case state court judge signed a warrant that did not particularize the crime uh gave the police access to pretty much anything on the cell phone and the 10th circuit said this is not particularized um and suppressed evidence that was uh found on the phone that wasn't even related to the reason for obtaining the search warrant that the affidavit counselor the counselor the government in their memorandum in opposition uh to suppression uh in the court below cited the four uh ways in which good faith may not apply but i i don't know that this fits under any of those four could you tell me how how it fits under any of those uh the hodge factors if you will yes your honor i think that a non-particularized warrant um good faith does not apply to that scenario it says it has to be so defective on its face that's what the fourth requirement is so defective on its face how is this warrant so defective on its face well if you're the investigating officer who and let me just be clear there's no indication in the record that the search warrant affidavit was given to anybody so facebook when executing the warrant or the officer who is um doing the search there's no indication in the record that anyone knew about page one and two of the affidavit of probable cause the the judge's order specifically said that he's relying upon that affidavit so he certainly had it in front of him the the judge but the executing officers or facebook they are only limited to page one the search warrant affidavit appendix page i'm sorry the search warrant appendix page 213 and if i'm an officer looking at this page there is nothing that limits what i'm supposed to be looking for or what evidence i'm supposed to be looking for it just says violation of death investigation i don't know if i'm looking for guns i don't know if i'm looking for evidence to hide a body i don't know what the evidence is that supposedly will support this death investigation if i am looking at page one and there is no indication in the record that pages 2 and 3 appendix 2 14 or 15 were given to anybody including the officer executing the search looking through the facebook material um the other uh the other point that i would like that you got into your honor is that the district court judge used tracy this court's uh precedent to say we're going to read the affidavit um in parametary with the warrants this the government in briefing here on appeal disclaims any reliance on tracy i read the government's brief is saying we don't even have to we do not rely on tracy we did not incorporate the warrant appropriately but everything that we need is on the warrant itself appendix page 213 we're about nine and a half minutes in um if the court has any other questions on the suppression issue i'm happy to to address them i would like to move to the um sentencing issue if i may yes please do i think that um the narrowest the the cleanest way to analyze this problem is uh in in two steps the first step is that this court got it right in a v-list the third circuit case from 2019 when we're analyzing um the term of felony drug offense in 802 44 we use a categorical approach the government says not so schuler changed the analysis that's the supreme court case from 2020 i think that that's over reading schuler because in brown versus united states 2024 the supreme court says here's what schuler means a state drug offense counts as an act of predicate only if the state's definition of the drug in question matches the definition under federal law citing schuler versus united states so there's no reason to to leave or revisit this court's precedent in a v-list we use a categorical approach when looking at 802 44 but counselor i understand the government's argument to be that uh when it says conduct relating to narcotic drugs uh or drug offense that that the relating to language uh works some some magic here would you address that yes your honor um when i go back and look at malooly the structure of the statute at issue malooly versus lynch is identical to the structure of 802 44 in that relating to precedes in malooly versus lynch a controlled substance uh open for in as defined in section 102 of the controlled substances act which is 21 usc 802 here when we're in 802 44 the same structure relating to and then a series of terms that are defined within the controlled substances act section 102 of the controlled substances act 21 usc 802 those terms in 802 44 relating to narcotic drug that's defined in 802 subparagraph uh 16 or 17 marijuana defined in 802 16 or 17 anabolic steroids defined in 802 41 or depressant or stimulant substance 802 9 the the structure of this relating to clause is identical in malooly as it is to 802 44 here so you would say as the second circuit said in thompson that you really can't use relating to to expand when you've got a definition following it you can't use relating to it to expand on that correct your honor okay i mentioned you are you're you're no you you're at time unless my colleagues have uh any any further questions we'll hear from you in your three minutes rebuttal judges roth and randell do you do you have anything further nothing all right thank you thank you very much okay can you hear me okay your honors yes thank you very much may it please the court counsel christian hogs me on behalf of the united states addressing the first issue that the court raised in the focus order that it issued last week regarding suppression it's the government's position that the warrant in this case was sufficiently particular for the reasons argued in our brief in particular because the the face of that warrant was not nearly so generic as counsel suggests yes it's true that the investigation was identified as a death investigation but it was specifically identified as this death investigation and we believe for that reason and for some of the other reasons articulated in our brief that it was sufficiently particular and was not overbroad as also argued by the defense this was a i'm sorry judge randall you're going to ask a question yeah i am um the district court here said that the affidavit was incorporated but it clearly wasn't uh and the face of the warrant doesn't even check the box about the affidavit or indicate that pages are attached uh and in tracy i think we were pretty clear that that kind of made a difference uh that you know when you did incorporate it in in that way even though it wasn't referenced in the text but if the box was checked and the pages were numbered here there's no box checks no pages numbers there's no indication anybody really had that uh affidavit yes your honor um we can't um change what's on the face of that warrant i think uh counsel's right that where we we acknowledge this court's holding in tracy um and there is there isn't expressed language of incorporation like um tracy suggests could be used and it really could be very simple and i think the court pointed that out in tracy including by attaching the affidavit um but the it is i will also just say that it's clear from the face of the warrant that the issuing judge a judge on court of common pleas in pennsylvania did take into account the affidavit that was attached to to the warrants cover page um so we we also only believe that tracy gets triggered where there's this issue regarding particularity and in this case we maintain that that that that concern is is not here um it was there was a much more general warrant at issue in tracy um this was a two facebook accounts for a very time limited uh period of seven months uh just a few months preceding nicolas correa's death and a few months afterwards during which uh miguel rosario had changed his facebook account um to to be a new account um i'd kind of like to pivot if i could to to the good faith issue which which council started with and which which the panel had some questions about because we believe that the the court could go directly to good faith in this case and i say that for a number of reasons for starters um it's clear from the face of the warrant that the uh a fiant trooper bailey um ran this warrant past a district attorney before taking it to a judge not just a magisterial district judge but a judge on the court of common pleas in monroe county and those two factors alone we believe weigh heavily in favor of the court making a good faith finding in this case council was starting to suggest that and in his brief mentioned a number of factors that he believes counsel against a finding of good faith and i'm going to suggest that the court look at it a little bit differently um number one the information in the warrant and the affidavit was sufficient to demonstrate probable cause to conduct an investigation into the drug-related death of nicholas correa but what's interesting about this warrant application is that this wasn't a warrant that was fired off within hours of trooper bailey initiating this investigation this warrant was uh approximately three months after trooper bailey became involved which was hours after the investigation and there are a number of factors um that demonstrate the really good police work that trooper bailey did and i think it's worth highlighting um for example within about a month after nicholas correa's death and well let's let's start here within days um he had trooper bailey had reviewed the video from the wawa in the redding area he had identified the cab service that brought correa to the wawa he had identified the cab driver he had identified the route that the cab took he had determined that that cab had taken um rosario to another drug users residence emily lapinski he had interviewed in fact miguel rosario in april of 2019 and during that interview miguel rosario acknowledged that he knew correa that he had communicated with correa that the two had exchanged drugs and that he had given him drugs that night so i guess i i'm thinking your point is that this is not the type of activity that we need to deter from the from a fourth amendment standpoint that's absolutely right judge um we we we believe that you know there's been a lot of aspersions cast on trooper bailey's conduct um but what what hasn't been highlighted is is the really excellent police work um that it was reflected uh thoroughly uh in the record of bailey's testimony at the trial which really sort of lays it out i think that you know rosario through council would like this court to focus on very narrow issues and then conclude that trooper bailey had you know did not act in good faith and we believe the record shows exactly the opposite so we believe that the court could resolve the suppression issue by going to to the good and judge rendell pointed out some of the factors identified in hodge we believe that those are adequate are there if there are other specific questions that the court would like me to address regarding suppression i'm happy to field them yeah you know it's interesting but one of the exceptions talks about the failure to particularize the place to be searched and so this this factor was kind of created in the concept of physical places to be searched it wasn't kind of done with electronic you know information architecture is it your position that just identifying two facebook accounts is sufficient particularity or is there greater particularity that needs to be done within those facebook accounts well your honor um judge philips i guess i'll address it in two ways number one i think that you're right to suggest that there are some differences regarding electronic spaces if you will as opposed to an apartment or a home or a container and that's true for some of the reasons that are identified in a number of cases and i think we've cited to some of them regarding it being unclear initially where exactly within that electronic space whether it be a account a cell phone a computer hard drive or otherwise relevant evidence may be secreted or found so i think that there is there is there are important differences differences there regarding your point on particularity we believe again that the warrant was sufficiently particular again we're talking about types of information within facebook accounts that are specifically identified over a very specific and time limited duration i guess i guess my question is you identified three things that you think saved this this warrant facially it identified two facebook accounts it identified the time period and then it said quote this death unquote my question is what if it this death you know you know that's that that that's not very very particular my question was would it would it suffice for the exception if you didn't even say this death if you just said we want to search these two facebook accounts for this time period would that be sufficient or do you need us to make a ruling on this death doing some work as particular to get to get to an acceptable place with particularity understood your honor so for starters i don't want to lead with my chin too much here but i think that if it were just simply a warrant that said hey we want to take a look at a couple of facebook accounts and we don't identify any sort of basis for that i think that could potentially be problematic again i want to deal with the warrant we actually have here which we are and we do believe that the word this is doing some significant work for a couple of reasons number one it makes very clear that this what type of investigation this is it is a death investigation council has suggested that's hopelessly vague that would judge are you going to jump in i mean it's just it's weird to me when you do an electronic search if you do a search of a house and you say not the garage you know you can't look at the garage you know if you walk into the garage you've trespassed beyond beyond what the warrant says but when you say someone's facebook account don't you have to kind of look everything in the account to find out whether you should have looked at it or not it feels a little weird to me in the sense of saying oh no that's not part of the warrant or is there some indicia that you get beforehand much like the separate the physical separation that comes from a house and a garage so the people doing this could say aha we shouldn't look at this part of the account or do you have to look at it all and say no the only stuff that really matters is this stuff regarding this death so i guess i'm just looking at the functionality of it how exactly do we go searching and it struck me and i don't know the answer to this you kind of have to search it all and then you get to find out what what you thought was relevant do i have that wrong no i think you're i think you're dead right judge phipps um and again part of that is because of the nature of what's being searched as you're suggesting i mean this really isn't the kind of situation where you can say um the the house and the curtilage but not the garage um you know this but there were specific and particularized categories of information that the warrant authorized law enforcement to seize from those specified accounts over that specified period so it's a cabined amount of information the defense suggests it's almost unbounded um but we would suggest it's not um and i will say this the you know the courts as are identified the cases that identified in our briefs show that there is some difficulty that courts have encountered in trying to determine the parameters of particularity um in the modern context of of social media accounts like facebook again in this case we agree with you that within that cabined amount of information that was being solicited from um from facebook the uh the officers are limited obviously to what they're they receive and in this case it was trooper bailey who executed this warrant let me just oh sorry go ahead um but if you're if you're looking at these conversation or these facebook accounts and it has to do with the sale of drugs yes how do you know based on the face of the warrant that that is what we're talking about this is this death and death investigation do we know that it's a death investigation because someone died as a result of drug deal so again going back to the use of the word this i think it's very clear um from the entirety of the of the warrant paperwork that trooper bailey was writing this warrant both the face of it and the affidavit as if they're in one document um the use of the it may be that trooper bailey was unfamiliar with this court's decision in tracy but i think that the fact that he identifies it as this death investigation is is doing work there because it's referring to what he's describing later and he describes that in insufficient detail actually quite a bit of detail regarding what he encountered what he did afterwards the fact that he had seen drug talk in that facebook account between these two individuals in the months leading up to the death and the fact that mr rosario had changed facebook accounts after the death um so the the the warrant itself the app the face of the warrant plainly is is written to incorporate by use of that word this which is more fully fleshed out in the affidavit that was attached so i know i know that i know that our focus letter also asked you to get to sentencing but i'd just like to give you a little airtime on the question that judge prompted which is was a warrant ever needed and i think the question that can come your way is a little bit more pointed in the sense of you never challenged the need for a warrant and you didn't raise it at the good faith as part of the good faith uh analysis either it doesn't mean that you might give that away later but at least for purposes of this case you aren't arguing that that that there was no need for a warrant are you um we're not making that argument judge phipps um we we um obviously um i think counsel is correct um that in many cases uh we do pursue facebook records and similar type records through the use of a search warrant um i think that i don't think that it's too far of a reach to say that we all agree that there's a lot of information on phones as well as accounts depending on how those accounts are set up that are private um so we did act um on a warrant here and when we commonly do i understand um i think what judge roth was was getting at in that question about whether it would be um always necessary or perhaps just necessary in this case to have obtained a warrant um again we acted on the understanding that a but i confess that i have not thoroughly examined uh that issue and i think your honor mentioned that um you know the supreme court appears not to have weighed in on whether that would necessarily be required in all instances uh we just didn't challenge it in this case your honor okay well could i typically sentencing yeah yeah you're you're at time so i i think how about take a minute on sentencing very briefly unless my colleagues have have questions yeah if i if i at least in within one minute's time try to identify what the government's argument is and a suggestion to the court going forward depending on what this panel ultimately concludes um as a top line issue your honors um the government maintains its its point of view that the district court got it right here that following schuler and this court's decision in port anova the uh the uh language uh focusing on conduct um uh uh counseled in favor of and countenanced the use of a looser categorical approach um focusing on uh conduct and that the court concluded that prior convictions which did not appear were contested uh for heroin trafficking and cocaine trafficking fell within uh that statutory language but in port anova though conviction that the language of convictions relating to possession of child pornography and that's a very broad swath relating to child for possession here we have relating to narcotic drugs which is a defined term how can relating to expand what the meaning of narcotics drugs is at least one initial response comes to mind your honor i'm just focusing on port anova which we do recognize occurs in a different different criminal setting um the term child pornography is defined federally um so it is capable of definition that same statute 22 52 um b uh also speaks to other uh types of uh conduct uh relating to other child sex offenses which also find definitions federally so it didn't say relating to child pornography it said relating to possession of child pornography well things having to do with relating to possession is you know could relate to possession if it has to do with distribution or something else so i don't want to argue with you but i see it oh no and it certainly didn't mean to seem as though i was arguing with you your honor i just was trying to offer you know i think the district court had a good grounding uh for its determination that a looser categorical approach was um applicable in this case what i did want to say before judge phipps cuts me off is that if the court were to disagree i just want to offer a couple of suggestions number one this is an issue that's percolating before this court right now in other cases i believe there's a case called jackson that's pending that also came out of our district right um now that involved new jersey's drug schedules and and definitions um i believe in that appeal the court has solicited um supplemental briefing um there's also a case that is pending out of the western district and i just want to and um one of the reasons i wanted to point that out is these cases involve more robust records on the issue that mr um allman is arguing about which is whether the strict categorical approach applies which um in a v-lace this court says typically is is applied we would suggest that if the court does conclude that the strict categorical approach apply we believe that the offenses in this case would categorically qualify but we would ask the court not reach that conclusion against the government in this case based upon the record that has been developed the we would suggest that if the court does ultimately conclude that a strict categorical approach applies and again we are arguing that it shouldn't but if this court does conclude that we would ask that the case be sent back to the district court so that that process could be followed uh in this case we would just ask that the court not reach the conclusion that the categorical approach applies and that there's not a categorical match here and the last thing i'll say judge phipps before i know you're going to cut me off is that um in gamble for example and in other cases the government has uh aided the courts by submitting uh declarations of chemists uh regarding the nature of the substances that are being described statutorily and that's important here because these are very technical terms and i think the court would benefit from having a more robust record developed on those issues thank you for all those reasons we ask that the district court's judgment be affirmed you did not urge that the modified categorical approach should apply did you we did not discuss the modified categorical approach judge rundell now all right thank you very much thank you mr ellman uh just uh how about we add a minute to your time how about four minutes for rebuttal give you a little bonus time as well thank you that's that's very kind of you judge phipps um hopefully i won't need it um i want to just pick up where the government left off about um asking for a remand in which they could put more evidence into the record on sentencing that's what it sounded like to me is the request i i um strongly encourage the court not to do that i mean there's precedent on your side in ruling that the the record is closed dickler for example but more importantly there's express waiver by the government in this district court record appendix pages 898 to 899 and we mentioned it in rosario's opening brief page 61 the government explicitly says we're not offering scientific evidence by way of an affidavit or expert or anything because we're running with this pony we're running with this but wouldn't that be for the district court to decide whether it wants to hear more evidence whether it can i mean if we say categorical approach applies here and the court didn't we send it back and it's up to the district court to decide what it wants to do i would respectfully disagree your honor for the reasons that i just said that the government was on notice based on um mr rosario's 851 objection appendix pages 823 but neither of you on appeal has urged this your your opposing counsel just raised this for the first time uh and you're addressing it which is all well and good but it wasn't it wasn't put before us that oh and by the way you need to you know you need to to cut this cut this off i think it'd be for the district court to decide but whatever i i respectfully understand your honor we did raise that as one of the issues in sentencing that um he demanded an 851 c1 production of proof beyond a reasonable doubt and the government at sentencing um argued for uh waived argument or wave producing evidence on this issue okay and unless there are any other questions i just want to go briefly to the search warrant issue um rosario's interview with trooper bailey in april 2019 i i think you all realize that that is not in the search warrant affidavit itself and i think that's because um to color or to understand the context of that interview uh rosario was on parole he got called into the parole office where trooper bailey was and um trooper bailey um interviewed him trooper bailey didn't know if this case would end up in state court or in federal court and the pennsylvania state constitution provides broader protection to criminal defendants than the federal constitution i think bailey realized that this interview of rosario might be constitutionally suspect in state court and if that gets thrown out then the rest of the warrant might get thrown out too so i i do think that you need to think about that context if you are thinking about thinking about this april 29th interview at all but the quoted conversation just a question do we know um i mean when it's a search of a home if this were a search of a home you'd know what with the warrant do we know exactly how this warrant was served if you will no your honor we don't that there are no facts from the government in the suppression um record about that i i can kind of glean from trooper bailey's trial testimony that he got on the law enforcement page of facebook and selected what categories of items he wanted preserved and saved but i don't even know if that's accurate i i don't know because there was not facts proffered by the government about how that search was conducted or how that seizure was conducted and there was no hearing on this issue i have nothing else for the court but i'm happy to address any questions or yield back the balance of my time i have nothing do my colleagues have anything i have thank you